# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

George Tsakoff Dillon, III

v.

Commonwealth of Virginia

February 12, 2016

Case No. (Civil) CL15-2722

BY JUDGE RANDALL D. SMITH

This matter was before the Court on January 20, 2016, to be heard on the Petition for Expungement filed by Petitioner Dillon. The Commonwealth objected, arguing that the case originated with a prosecution against the petitioner for the felony of gross, wanton, and reckless care for a child under Va. Code § 18.2-371.1(B) and the indictment was amended by agreement part-way through trial on the merits to a charge of reckless driving. The Commonwealth maintains that to expunge the felony would not allow for a clear record of what transpired prior to the Court's finding the evidence sufficient for reckless driving because it is not a lesser-included offence of Va. Code § 18.2-371.1(B).

The Court finds that *Dressner v. Commonwealth*, 285 Va. 1, 736 S.E.2d 735 (2013) (concluding that a "possession of marijuana charge, amended to a reckless driving charge, was 'otherwise dismissed' as contemplated by Va. Code § 19.2-392.2(A)(2)"), is controlling in the instant case, as argued by the petitioner, and that the charge under § 18.2-371.1(B) was "otherwise dismissed" pursuant to § 19.2-392.2(A). No evidence was provided that "continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner." Va. Code § 19.2-392.2(F). Counsel for the petitioner may place the matter back on the Court's docket to present evidence regarding manifest injustice.